Edna M. KILGO, individually and on behalf of all others similarly situated, and Virginia M. Wentz, Plaintiffs,

v.

BOWMAN TRANSPORTATION, INC., Defendant.

Civ. A. No. C79–674A.

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 14, 1980.

Christopher Coates, Laughlin McDonald, Neil Bradley, Atlanta, Ga., Isabel Katz Pinzler, Joan E. Bertin, American Civil Liberties Union, New York City, for plaintiffs.

William M. Pate, Douglas R. Sullenberger, Mitchell, Clarke, Pate & Anderson, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This is an employment discrimination action in which plaintiffs complain of defendant's one-year prior experience requirement for over-the-road truck drivers, defendant's allegedly discriminatory enforcement of that requirement and defendant's policy against assigning men and women drivers to the same truck. The action was brought by Edna Kilgo on behalf of herself and all women who have sought, will seek or would have sought, but for the perceived futility of doing so, employment with defendant as an over-the-road truck driver by applying through defendant's Atlanta, Georgia terminal since April 18, 1976, and who have been, will be, or would have been refused employment due to the policies of defendant of which plaintiffs complain. Virginia Wentz has been added as a plaintiff in this action, Oscar Kilgo was substituted as a plaintiff after Edna Kilgo's death, and the class which the named plaintiffs seek to represent has been conditionally certified.

By motion filed on May 2, 1980 plaintiffs sought permission for their lawyers to communicate with certain named individuals who are members of the conditionally certified class in this action. Plaintiffs stated that communication with the class members would involve inquiries as to whether they or other female applicants with defendant were denied employment by defendant because of the one-year prior experience requirement for over-the-road truck drivers, discriminatory enforcement of that requirement or the policy against assigning men and women drivers to the same truck. Defendant objected to plaintiffs' request on grounds that their statement of the proposed communication failed to comply with Local Court Rule 221.2.[1] On May 15, 1980 the Court ordered that communication between plaintiffs' lawyers and members of the conditionally certified class would be approved to the extent the communication concerned the topics described by plaintiffs in their motion. The Court's order, however, provided the following to insure com-

---

1. Local Court Rules 221.2 and 221.3 restrict communication by parties to a class action or their counsel with actual or potential class members as follows:

221.2 Counsel Forbidden to Communicate. In every potential and actual class action under Rule 23 of the Federal Rules of Civil Procedure, all parties thereto and their counsel are hereby forbidden, directly or indirectly, orally or in writing, to communicate concerning such action with any potential or actual class member not a formal party to the action without the consent of, and approval of the communication by order of, the Court. Any such proposed communication shall be presented to the Court in writing with a designation of or description of all addressees and with a motion and proposed order for prior approval by the Court of the proposed communication and proposed addressees. The communications forbidden by this rule, include, but are not limited to:
221.21 solicitations directly or indirectly of legal representation of potential and actual class members who are not formal parties to the class action;
221.22 solicitation of fees and expenses and agreements to pay fees and expenses, from potential and actual class members who are not formal parties to the class action;
221.23 solicitation by formal parties to class action of requests by class members to opt

out in class actions under subparagraph (b)(3) of Rule 23 of the Federal Rules of Civil Procedure; and
221.24 communications, from counsel to a party, which may tend to misrepresent the status, purpose and effects of the action, and of actual or potential court orders therein, which may create impressions tending, without cause, to reflect adversely on any party, any counsel, the Court, or the administration of justice.
The obligations and prohibitions of this rule are not exclusive. All other ethical, legal, and equitable obligations are unaffected by this rule.
221.3 Communication Allowed Between Attorney And Client. This rule does not forbid;
221.31 communications between the attorney and his client or a prospective client, who has on the initiative of the client or prospective client consulted with, employed, or proposed to employ the attorney, or
221.32 communications occurring in the regular course of business or in the performance of the duties of a public office or agency (such as the Attorney General) which do not have the effect of soliciting representation by counsel, or misrepresenting the status, purposes, or effect of the action and orders therein.

pliance with Local Court Rules 221.2 and 221.3:

> Before the communication is undertaken, however, plaintiffs' attorneys are OR-DERED to file with the Court for its approval, and to serve on counsel for defendant, either (1) a copy of the communication itself if plaintiffs' attorneys intend to communicate with the class members in writing, or (2) a list of specific questions to be posed if plaintiffs' attorneys intend to communicate with the class members orally.

Presently before the Court is plaintiffs' motion for relief from the May 15, 1980 order on the basis of a June 19, 1980 decision of the United States Court of Appeals for the Fifth Circuit, *Bernard v. Gulf Oil Co.,* 619 F.2d 459 (5th Cir. 1980) (*en banc*).

*Bernard v. Gulf Oil Co., supra,* was an employment discrimination action brought by present and retired black employees of Gulf Oil Company ("Gulf") on behalf of themselves and other black employees, black former employees and black applicants for employment at Gulf's Port Arthur, Texas plant. Just before the action was filed Gulf and the EEOC had entered into a conciliation agreement pursuant to which Gulf offered back pay to certain of its employees in exchange for their execution of receipts and releases. At Gulf's request the District Court before which the employment discrimination action was pending entered an order which prohibited communication by parties to the action or their counsel with actual or potential class members without Court approval. The order additionally allowed Gulf to proceed with payment of back pay awards and provided for notice to certain of Gulf's employees of their opportunity to choose between acceptance of the conciliation offer and possible participation in the lawsuit.

The portion of the order in the *Bernard* case which restricted communication with class members was based on a suggested order set forth in the *Manual for Complex Litigation*[2] and not on any finding that abuse of the class action process was occurring or imminently threatened. That portion of the District Court's order is essentially identical to Local Rules 221.2 and 221.3 of this Court with the following additional provision which is not a part of this Court's local rules:

> If any party or counsel for a party asserts a constitutional right to communicate with any member of the class without prior restraint and does so communicate pursuant to that asserted right, he shall within five days after such communication file with the Court a copy of such communication, if in writing, or an accurate and substantially complete summary of the communication if oral.

The Fifth Circuit, *en banc*, considered whether the order was valid. After a detailed examination of the characteristics of a prior restraint and the circumstances in which a prior restraint may be found to be constitutional, the majority of the Fifth Circuit concluded that "the district court's order restricting communication by parties and their counsel with actual and potential class members is an unconstitutional prior restraint." 619 F.2d at 477.

The concurring opinion in the *Bernard* case points out a nonconstitutional ground for disposition of the issue before the Court. The Judges who joined in that opinion would have found that the District Court abused its discretion by entering its order without making findings of fact. Fed.R. Civ.P. 23(d) permits a court before which a class action is pending to make "appropriate orders . . . (3) imposing conditions on the representative parties . . .", and the concurring opinion in the *Bernard* case suggests that a request for a Rule 23(d) order restricting communication with actual or potential class members should be treated like a petition for a preliminary injunction. The concurring opinion continues as follows:

---

2. *Manual for Complex Litigation,* Part II, § 1.41 (1977 ed.). The *Manual* states that "[t]he class action under Rule 23 is subject to abuse, intentional and inadvertent, unless procedures are devised and employed to anticipate abuse." It suggests that in order to anticipate and prevent

certain abuses which might arise from communication by parties or their counsel with actual or potential class members, orders such as the one entered in the *Bernard* case, or local rules to the same effect, should be used. *Manual for Complex Litigation,* Part I, § 1.41 (1977 ed.)

Just as if it had been faced with a request for an injunction, the district court should have ruled on Gulf's motion for an order restricting communications only after weighing, on the record, the potential for abuse that would be generated by permitting free communications between the parties and class members against the benefits flowing from such communications. As in the ordinary case involving a request for a temporary injunction, the burden of proof would be on the movant —here, Gulf. To meet its burden of proof, Gulf would have to make "a factual showing ... that unsupervised communications between counsel and named plaintiffs on one hand and potential class members on the other have materialized into actual abuses of the class action device or that abuses are imminently threatened." *Bernard v. Gulf Oil Co.*, 596 F.2d [1249] at 1267 (Godbold, J., dissenting).

619 F.2d at 480.

There is authority in the majority opinion of the *Bernard* case for finding that an order or local rule restricting communication with actual or potential class members, although a prior restraint, might yet be valid if supported by proper findings. The majority of the Fifth Circuit acknowledges that a prior restraint may be justified "in exceptional circumstances and by a showing of direct, immediate and irreparable harm" and if accomplished with procedural safeguards such as findings of fact supported by evidence. 619 F.2d at 476–77.

This Court finds that application of Local Court Rules 221.2 and 221.3 unsupported by findings that abuse of the class action process is occurring or imminently threatened is an unconstitutional prior restraint. Accordingly, the Court vacates its May 15, 1980 order in this action.

Defendant points out that this Court's order is substantially narrower in scope than the order in the *Bernard* case and contends that the *Bernard* case therefore does not require the Court to vacate its order. This Court's order, however, was entered to implement a local rule which is essentially identical to the order which was found to be an unconstitutional prior restraint in the *Bernard* case. The Court finds its order to be an impermissible application of Local Court Rules 221.2 and 221.3 under the *Bernard* case because it is not supported by appropriate findings.

Furthermore, defendant contends that the factual context of the order in the *Bernard* case prevents that case from controlling the issue presently before this Court. The Fifth Circuit's analysis of the order in the *Bernard* case, however, did not depend on the facts surrounding the entry of that order. The Fifth Circuit's analysis is directly applicable to Local Rules 221.2 and 221.3 of this Court.

Finally, defendant takes the position that in the *Bernard* case there was stronger support than in the present action for a determination that the prohibited communications were constitutionally protected because counsel for plaintiffs in that case were NAACP Legal Defense and Education Fund lawyers who did not receive or expect to receive compensation for their services from class members.[3] Counsel for plaintiffs in the present action, however, are employed by the Southern Regional Office of the American Civil Liberties Union Foundation, Inc. and likewise cannot receive from clients, either named parties or class members, compensation for their services.[4]

## CONCLUSION

This Court's May 15, 1980 order in this action is hereby VACATED. Communication by parties to this action and their counsel with actual or potential class members will be ALLOWED absent a showing that abuse of the class action process is occurring or imminently threatened. In order

---

**3.** The Fifth Circuit notes that Legal Defense Fund lawyers have been recognized as having expertise as to the questions which arise in civil rights litigation and that they are "engaged in 'a different matter from the oppressive, malicious, or avaricious use of the legal process for purely private gain.' (Cites omitted.)" 619 F.2d at 470.

**4.** The affidavit of Christopher Coates to that effect is on file in this action.

for defendant to have the opportunity to make such a showing, it is ORDERED that no communication by plaintiffs or their counsel with actual or potential class members take place until five days after the date of this order. If within five days of the date of this order defendant notifies plaintiffs and this Court of its intention to show that abuses of the class action process are occurring or imminently threatened, an evidentiary hearing will be scheduled and communication by parties and their counsel with actual or potential class members shall not take place before the hearing. At any time after communication by parties and their counsel with actual and potential class members is allowed to begin, any party may request an order restricting the communications on grounds of abuse of the class action process. In such a case an evidentiary hearing will be scheduled but communications will not be suspended unless so ordered by the Court after the hearing. Plaintiffs' motion for relief from this Court's order of May 15, 1980 is hereby GRANTED subject to the provisions of this order. Plaintiffs may request additional time for discovery in this action if they find it to be reasonably necessary.

IT IS SO ORDERED.